AO 106 (Rev. 04/10) Application for a Search Warrant

E-FILED
Friday, 06 December, 2019 02:27:39 PM
Clerk, U.S. District Court, ILCD



## UNITED STATES DISTRICT COURT
for the
Central District of Illinois

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 19-MJ- 7243
Information Associated the Cellular Telephone Assigned )
Call Number (623) 374-1125, that is in the Custody or )
Control of Sprint )

### APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____Kansas_____, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, USC, §§ 846, 841(a)(1) and (b)(1)(B), and 856(a)(2) and (b); and 18 USC §1071 | Conspiracy to possess with the intent to distribute marijuana; possession with the intent to distribute cocaine; maintaining drug-involved premises; and concealing a person to prevent discovery and arrest |

The application is based on these facts:

See attached affidavit of US Marshals Service Task Force Officer Robert Dustin Sumption, which is incorporated herein by reference.

☑ Continued on the attached sheet.
☑ Delayed notice of _____ days (give exact ending date if more than 30 days: 3/1/2020 ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

s/Robert Dustin Sumption
_____
*Applicant's signature*

USMS TFO Robert Dustin Sumption
*Printed name and title*

Sworn to before me and signed in my presence.

s/Eric Long

Date: 12/06/2019

_____
*Judge's signature*

City and state: Urbana, Illinois                     Hon. Eric I. Long, US Magistrate Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE SEARCH ) <br> OF THE CELLULAR TELEPHONE ) <br> ASSIGNED CALL NUMBER ) <br> (623) 374-1125, THAT IS IN THE ) <br> CUSTODY OR CONTROL OF SPRINT ) | Case No. 19-MJ-7243 <br><br> **Filed Under Seal** |

### AFFIDAVIT IN SUPPORT OF
### AN APPLICATION FOR A SEARCH WARRANT

I, Robert Dustin Sumption, being first duly sworn, hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number (623) 374-1125, with listed subscriber(s) Ricky Mendoza (the "Target Cell Phone"), whose service provider is Sprint, a wireless communications service provider that is headquartered at 6480 Sprint Parkway, Overland Park, Kansas. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2. Because this warrant seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), the requested warrant is designed to also comply with the Pen Register

Act. *See* 18 U.S.C. §§ 3121-3127. The requested warrant therefore includes all the information required to be included in an order pursuant to that statute. *See* 18 U.S.C. § 3123(b)(1).

3. I am a Task Force Officer with the U.S. Marshals Service's Fugitive Task Force, and have held this position since 2015. Additionally, I am a detective with the City of Champaign Police Department in Champaign, Illinois, and have been so employed for at least the past ten years. In my role as a detective with the Champaign Police Department, I serve in the Investigative Division. In my role as a detective and law enforcement officer, I have received training in and conducted investigations regarding violations of state and federal criminal statutes, including federal controlled substances statutes.

4. I am familiar with, and have utilized, normal methods of investigation, including, but not limited to physical and electronic surveillance, questioning of witnesses, the use of search and arrest warrants, the use of informants, the use of pen registers, the use of phone location information, and the analysis of telephone records.

5. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

6. Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18, United States Code, Section 1071 (concealing a person

from arrest) have been committed, are being committed, and will be committed by Ivana Booker. There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations.

7. Additionally, based on the facts set forth in this affidavit, there is probable cause to believe that Courtney Tyler Johnson, a/k/a "Erve" (hereinafter "Target Subject") has violated: (1) Title 21, United States Code, Sections 846 and 841(a)(1) (conspiracy to possess with intent to distribute marijuana); (2) Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) (possession with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine); and (3) Title 21, United States Code, Sections 856(a)(2) and (b) (maintaining drug-involved premises). Target Subject was charged with the aforementioned crimes listed as "(1)", "(2)", and "(3)" in a superseding indictment on September 4, 2019. There is also probable cause to believe that the Ivana Booker is aware of these charges against Target Subject and is harboring or concealing Target Subject so as to prevent Target Subject's discovery and arrest. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting Target Subject, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

8. The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court

is a district court of the United States that has jurisdiction over the offense being investigated, see 18 U.S.C. § 2711(3)(A)(i).

## PROBABLE CAUSE

9. The United States, including the Federal Bureau of Investigation ("FBI"), is conducting a criminal investigation of Target Subject regarding possible violations of (1) the conspiracy to possess with intent to distribute marijuana in violation of Title 21, United States Code, Sections 846 and 841(a)(1); (2) the possession with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B); (3) maintaining drug-involved premises in violation of Title 21, United States Code, Sections 856(a)(2) and (b); and (4) concealing a person from arrest in violation of Title 18, United States Code, Section 1071. The Springfield Grand Jury charged Target Subject with the aforementioned crimes listed as "(1)", "(2)", and "(3)" in a superseding indictment on September 4, 2019 (CDIL No. 19-cr-20053; R. 58). Prior to the superseding indictment and on July 3, 2019, Target Subject was charged by way of a criminal complaint (CDIL No. 19-mj-7133; R. 1) authorized by U.S. Magistrate Judge Eric I. Long with violating Title 21, United States Code, Sections 846, 841(a)(1) and (b)(1)(C). U.S. Magistrate Long issued an arrest warrant for Target Subject on July 3, 2019. The aforementioned application and supporting affidavit for the criminal complaint are incorporated by reference. The FBI has formally requested the assistance of the United States Marshals Service ("USMS") in locating and arresting Target Subject, and

delegated to the USMS primary responsibility for executing the outstanding arrest warrant. Subsequent to the issuance of the arrest warrant, there is probable cause to believe that Ivana Booker is harboring and concealing the Target Subject in order to prevent the Target Subject's discovery and arrest, in violation of Title 18 United States Code, Section 1071.

10. On July 11, 2019, several search warrants were executed in the Decatur, Springfield, Collinsville (Illinois) and St. Louis (Missouri) areas. The search warrant in St. Louis was an apartment known to be Target Subject's primary residence. Johnson was not located but his girlfriend (Ivana Booker) and son (C.J.) were present. Law enforcement agents informed Ivana Booker on July 11, 2019, that there was an outstanding warrant for the Target Subject's arrest. Jennifer Fisher (Target Subject's mother), Gabrielle Johnson (Target Subject's sister), and Timothy Ealey (Target Subject's associate and co-conspirator) were arrested pursuant to federal arrest warrants for the conspiracy to distribute controlled substances. As of the date of this affidavit, Target Subject's whereabouts remain unknown and the arrest warrant remains unserved.

11. On July 17, 2019 and August 6, 2019, law enforcement interviewed Target Subject's grandmother (K.K.). K.K. advised that after the July 2019 interview, she spoke telephonically with Target Subject. K.K. told Target Subject that she had been interviewed and that a warrant had been issued for Target Subject's arrest. K.K. tried to talk Target Subject into turning himself in to law enforcement.

12.     On August 7, 2019, Law enforcement personnel viewed the Facebook page associated with:

Facebook User ID:       799668227
Facebook Username:      gottis.way.9
Facebook Username:      Courtney Johnson



*Figure 1: Facebook Profile Picture for Facebook Name Courtney Johnson*

Agents investigating the Target Subject are familiar with what Target Subject looks like based on this investigation. On multiple instances law enforcement has conducted video and in-person surveillance of Target Subject. Based on coordination with other law enforcement agents investigating the Target Subject, the affiant believes the profile picture for the Facebook user gottis.way.9 depicts Target Subject. The account's timeline indicated the profile picture had been updated on August 6, 2019, at 12:06 AM further indicating this had been accessed recently.

6



*Figure 2: Facebook Timeline event for Facebook Name Courtney Johnson*

13. On August 8, 2019, U.S. Magistrate Long issued a search warrant (CDIL No. 19-MJ-7173) to Facebook for information associated with Facebook user gottis.way.9, user ID 799668227. Facebook's response included, but was not limited to, the following: (1) the account had registered email addresses of: mac34ty@yahoo.com, ctjohnson@eiu.edu, and gottis.way.9@facebook.com; and (2) hometown of Decatur, Illinois.

14. On October 1, 2019, law enforcement interviewed Tera Robinson. Prior to the interview, law enforcement had identified Robinson as a previous girlfriend of Target Subject and that her primary residence was in the Atlanta, Georgia area. Robinson also has Decatur, Illinois real estate properties in her name. During the investigation, law enforcement determined these properties were purchased with U.S. currency by Target Subject, which were proceeds from his Drug Trafficking Organization. During the interview, Robinson acknowledged she and the Target Subject had a previous dating relationship that ended in early 2019. Robinson had continued to

7

communicate with Target Subject primarily by Instagram. Robinson advised communicating with Target Subject as recently as September 19, 2019, via Instagram. Robinson advised that Target Subject's account was "gottisway". Robinson showed law enforcement her cellular telephone which had her Instagram application installed. Robinson's Instagram account showed messages from another Instagram account named "gottisway".

15. Law enforcement reviewed the photograph associated with the Instagram account "gottisway" (shown in Figure 3).



*Figure 3: Instagram Profile Picture*
*Instagram Identifier: gottisway*

Law enforcement believes that the photo is that of Target Subject. The picture depicts Target Subject wearing specific jewelry that was seized from Target Subject's known residence.

16. Law enforcement knows from this investigation, Target Subject has utilized the nickname "Gotti" and also utilized other social media accounts under the name gottisway. For example, the Facebook account associated with Target Subject utilized the Facebook Username of "gottis.way.9".

8

17. On October 9, 2019, U.S. Magistrate Long issued a search warrant (CDIL No. 19-MJ-7206) to Instagram for information associated with Instagram account "gottisway." Instagram's response included, but was not limited to, the following: (1) the account had registered email addresses of: mac34ty@yahoo.com; (2) the account had been logged into from a device utilizing an Internet Protocol (IP) address associated with Sprint as recently as October 9, 2019; (3) on July 21, 2019, at 20:03:58 UTC, the account was accessed from an IP address (version 6, also commonly referred to as an IPv6 address) of 2600:0001:c46b:e942:184d:87f0:a6f8:263b; and (4) the content posted to the account included the following picture:



*Figure 4: Instagram Posted Content on 04/16/2019*
*Instagram Identifier: gottisway*

Law enforcement believes that the photo portrays Target Subject. The picture depicts Target Subject wearing specific jewelry that was seized from Target Subject's known residence.

18. On November 4, 2019, law enforcement served a subpoena on Sprint requesting information related to the IPv6 address (2600:0001:c46b:e942:184d:87f0:a6f8:263b) used to access the Instagram account

"gottisway" on July 21, 2019, at 20:03:58 UTC. Sprint's response on November 14, 2019, included, but was not limited to, the following as it related to the device/account (Subject Account) that utilized the aforementioned IPv6 address on the aforementioned date and time:

| Account Number | 365308849 |
| --- | --- |
| Account Established | 07/12/2019 |
| Status | Active through date searched |
| Account Billing Address | Ricky Mendoza<br>12013 W Thunderbird Rd<br>El Mirage, AZ 85335 |
| Account Type | Boost Prepaid Account |
| Subscriber ID | 65252091221 |
| PTN/MDN | 6233741125 |
| IMSI | 310120166250392 |
| MSID | 6026724349 |
| ESN | 089496884007487637 |

19.     The PTN/MDN refers to a phone number assigned to the Sprint Account. Here, the Sprint Account phone number is "6233741125," which is the "Subject Account" telephone number. The Subject Account was established on July 12, 2019, which is the day after law enforcement executed search warrants on July 11, 2019.

20.     Deputy U.S. Marshals verified with Sprint that the Subject Account telephone number is serviced by Sprint Corp.

21.     Deputies with the U.S. Marshals Service retrieved surveillance video from a restaurant in the Atlanta, Georgia, area within the ten days preceding December 3, 2019. The Target Subject was depicted in that surveillance video accompanied by Ivana Booker at the restaurant in the time between November 25, 2019, and December 3, 2019.

22. In my training and experience, I have learned that Sprint is a company that provides cellular telephone access to the general public. I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate information about the locations of the cellular telephones to which they provide service, including E-911 Phase II data, also known as GPS data or latitude-longitude data and cell-site data, also known as "tower/face information" or cell tower/sector records. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data.

23. Based on my training and experience, I know that Sprint can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available.

24. Based on my training and experience, I know that Sprint can collect cell-site data about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as Sprint typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

## AUTHORIZATION REQUEST

25. Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

26. I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and

flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

27.   I further request that the Court direct Sprint to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Sprint. I also request that the Court direct Sprint to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

28. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

Respectfully submitted,

s/Robert Dustin Sumption

Robert Dustin Sumption
Task Force Officer
U.S. Marshals Service

Subscribed and sworn to before me on December 6, 2019.

s/Eric Long

HONORABLE ERIC I. LONG
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT A
## Property to Be Searched

1. The cellular telephone assigned call number (623) 374-1125, with listed subscriber Ricky Mendoza (the "Target Cell Phone"), whose wireless service provider is Sprint, a wireless communications service provider that is headquartered at 6480 Sprint Parkway, Overland Park, Kansas.

2. Records and information associated with the Target Cell Phone that is within the possession, custody, or control of Sprint.

## ATTACHMENT B
### Particular Things to be Seized

I. **Information to be Disclosed by the Provider**

All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days, during all times of day and night. "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Sprint, Sprint is required to disclose the Location Information to the government. In addition, Sprint must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Sprint's services, including by initiating a signal to determine the location of the Target Cell Phone on Sprint's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate Sprint for reasonable expenses incurred in furnishing such facilities or assistance.

This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

**II. Information to Be Seized by the Government**

All information described above in Section I that constitutes evidence of violations of Title 18, United States Code, Section 1071 (concealing a person from discovery and arrest) involving Ivana Booker.

All information described above in Section I that will assist in arresting Courtney Tyler Johnson (the "Target Subject"), who was indicted as recently as September 4, 2019, with (1) conspiracy to possess with intent to distribute marijuana in violation of Title 21, United States Code, Sections 846 and 841(a)(1); (2) possession with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B); and (3) maintaining drug-involved premises in violation of Title 21, United States Code, Sections 856(a)(2) and (b). The Target Subject is the subject of an arrest warrant issued on September 4, 2019, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts

under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.